1  **WO**
2
3
4
5
6
7
8              **IN THE UNITED STATES DISTRICT COURT**
9                    **FOR THE DISTRICT OF ARIZONA**
10

| Benjamin Anthony Altamirano, Jr., | No. CV-15-00169-TUC-RM |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| County of Pima, et al., | |
| Defendants. | |

Pending before the Court is Defendant Pima County's Motion to Stay Proceedings as to Defendant Pima County Pending Resolution of Interlocutory Appeal. (Doc. 165.) Plaintiff Benjamin Altamirano filed a response opposing the Motion to Stay (Doc. 166) and Pima County timely replied (Doc. 167). Also pending is the parties' Stipulated Motion to Extend Joint Proposed Pretrial Order Deadline. (Doc. 169.)

Plaintiff filed this lawsuit under 42 U.S.C. § 1983 and named Pima County as a defendant. (Doc. 26.) Pima County removed this case from state court to federal court. (Doc. 1.) Following discovery, Pima County filed a Motion for Summary Judgment claiming, among other things, that it was immune from suit on Eleventh Amendment sovereign immunity grounds. (Doc. 123 at 11.) On July 31, 2019, the Court denied Defendant Pima County's Motion for Summary Judgment, including denying its claim to Eleventh Amendment immunity. (Doc. 154 at 6–7.)

On August 29, 2019, Pima County filed a notice of interlocutory appeal from the Court's denial of Eleventh Amendment immunity. (Doc. 158.) Pima County's interlocutory appeal requests appellate review of only the denial of Eleventh Amendment and sovereign immunity and the factual findings and legal conclusions related thereto. (*Id.*) On August 30, 2019, Plaintiff filed a Motion to Strike Defendant Pima County's Notice of Interlocutory Appeal. (Doc. 159.) The Ninth Circuit Court of Appeals docketed Pima County's appeal on September 1, 2019. (Docs. 60, 61.) This Court denied Plaintiff's Motion to Strike on September 16, 2019. (Doc. 164.) Defendant filed the pending Motion to Stay Proceedings on October 9, 2019. (Doc. 165.)

An appellate court has jurisdiction to hear an appeal of a district court's interlocutory order if the order "(1) conclusively determines the disputed question; (2) resolves an important issue completely separate from the merits of the action; and (3) is effectively unreviewable on appeal from a final judgment." *United States v. Pace*, 201 F.3d 1116, 1119 (9th Cir. 2000); *see also United States v. Butts*, No. CR 05-1127 PHXMHM, 2007 WL 521131, at *3 (D. Ariz. Feb. 14, 2007). The filing of a notice of interlocutory appeal divests the district court of jurisdiction over the issues involved in that appeal. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992); *see also Leibel v. City of Buckeye*, 382 F.Supp.3d 909, 912 (D. Ariz. 2019). However, if a district court finds that an interlocutory appeal is "frivolous," or "wholly without merit," it may proceed to trial notwithstanding the interlocutory appeal. *City of Buckeye*, 382 F.Supp.3d at 912; *see also In re George*, 322 F.3d 586, 591 (9th Cir. 2003) ("An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit."). "This means that the appeal must be so baseless that it does not invoke appellate jurisdiction such as when the disposition is so plainly correct that nothing can be said on the other side." *Dagdagan v. City of Vallejo*, 682 F. Supp. 2d 1100, 1116 (E.D. Cal. 2010), *aff'd sub nom. Dagdagan v. Wentz*, 428 F. App'x 683 (9th Cir. 2011).

The appellate court may have jurisdiction over Pima County's interlocutory appeal. *See Cortez v. Cty. of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002) (appellate

court exercised jurisdiction over interlocutory appeal from district court's denial of Eleventh Amendment immunity in a § 1983 action); *but see Taylor v. County of Pima*, 913 F.3d 930, 936 (9th Cir. 2019) (Graber, J., concurring) (disagreeing with the exercise of interlocutory jurisdiction in *Cortez* over the determination of whether a sheriff acted on behalf of the county or the state in a § 1983 action). The Ninth Circuit has appellate jurisdiction under 28 U.S.C. § 1291 to consider claims of immunity from *suit*, though it lacks appellate jurisdiction to consider claims of immunity from *liability*. *Taylor*, 913 F.3d at 934. Pima County alleges that it has asserted Eleventh Amendment immunity from suit as a defense to this lawsuit. (Doc. 163 at 4.) However, the Court notes that Pima County did not allege Eleventh Amendment immunity in its Motion to Dismiss (Doc. 3) and did not clearly specify in its Motion for Summary Judgment whether it was alleging immunity from suit versus immunity from liability (Doc. 123).

In opposition to the Motion to Stay, Plaintiff argues that a state defendant's removal of a case to federal court waives the state's immunity from suit and that this rule renders the appeal frivolous. (Doc. 166.) *See Taylor*, 913 F.3d at 934; *Embury v. King*, 361 F.3d 562, 566 (9th Cir. 2004) ("Removal waives Eleventh Amendment immunity.") However, *Embury* left open the question of "whether a removing State defendant remains immunized from federal claims that Congress failed to apply to the States through unequivocal and valid abrogation of their Eleventh Amendment immunity." 361 F.3d at 566 n.20. Section 1983 does not abrogate Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 344-45 (1979). Until recently, the Ninth Circuit had not ruled on whether waiver-by-removal applies to § 1983 claims.

The Ninth Circuit Court of Appeals addressed the question left open in *Embury* in its recent decision in *Walden v. Nevada*, ___ F.3d ___, 2019 WL 5199557 (9th Cir. 2019). In *Walden*, the panel held as a matter of first impression that "a state defendant that removes a case to federal court waives its immunity from suit on all federal-law claims in the case, *including those claims that Congress failed to apply to the States through unequivocal and valid abrogation of their Eleventh Amendment immunity*."

*Walden*, 2019 WL 5199557 at *5 (emphasis added). Although *Walden* decided the issue in the context of a Fair Labor Standards Act ("FLSA") claim, its reasoning appears to also apply to claims under § 1983. Thus, the *Walden* decision supports Plaintiff's position that removal to federal court waives a government's Eleventh Amendment immunity for § 1983 claims. However, this does not mean that Pima County's appeal, which also involves the legal question of whether a prosecuting deputy county attorney is a state or county policymaker (Doc. 165 at 4) and aims to challenge the *Walden* decision (Doc. 167 at 2), is frivolous.

Because the appellate court may have jurisdiction over Pima County's interlocutory appeal and the appeal is not frivolous, the Court finds that it is divested of jurisdiction over the issues involved in the appeal. *Chuman*, 960 F.2d at 104. Therefore, the Court will stay the case as to Defendant Pima County pending resolution of Pima County's interlocutory appeal. In light of the stay of these proceedings as to Pima County, the Court will deny as moot Pima County's request to extend the Joint Proposed Pretrial Order Deadline, as that deadline is stayed as to Pima County. The Court will set a status conference regarding whether the stay of these proceedings should also apply to Defendant City of Tucson, and will take under advisement the City of Tucson's request to extend the Joint Proposed Pretrial Order Deadline.

**IT IS ORDERED** that Defendant Pima County's Motion to Stay Proceedings as to Defendant Pima County Pending Resolution of Interlocutory Appeal (Doc. 165) is **granted**.

**IT IS FURTHER ORDERED staying this case** as to Defendant Pima County pending resolution of the interlocutory appeal.

**IT IS FURTHER ORDERED** setting a status conference on **December 11, 2019 at 1:30 p.m.** as to **Defendant City of Tucson only** on the issue of whether the stay should also apply to City of Tucson.

. . . .

. . . .

**IT IS FURTHER ORDERED** that the Stipulated Motion to Extend Joint Proposed Pretrial Order Deadline (Doc. 169) is **partially taken under advisement and partially denied as moot**. The Stipulation is **taken under advisement as to Defendant City of Tucson** and is **denied as moot as to Defendant Pima County**.

Dated this 18th day of November, 2019.

_____
Honorable Rosemary Márquez
United States District Judge