**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Benjamin Anthony Altamirano, Jr., | No. CV-15-00169-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| City of Tucson, et al., | |
| Defendant. | |

Pending before the Court are Plaintiff Benjamin Altamirano's Motions in Limine 1, 2, and 3. (Doc. 207.) Defendant City of Tucson opposes Motions in Limine 1 and 2 and does not oppose Motion in Limine 3. (Doc. 214.)

**I.     Standard for Admissibility of Evidence**

The proponent of evidence bears the burden to establish its admissibility. *United States v. Shah*, 125 F. Supp. 3d 570, 574 (E.D.N.C. 2015). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The test for relevance is "whether 'a reasonable [person] might believe the probability of the truth of the consequential fact to be different [by knowing] the proffered evidence." *United States v. Brashier*, 548 F.2d 1315, 1325 (9th Cir. 1976) (internal quotation omitted).

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Unfair prejudice means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1173 (9th Cir. 2000) (internal quotation omitted).

Hearsay is a statement made outside of the current proceeding that is offered in evidence "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Hearsay is generally not admissible as evidence unless a specific rule provides for its admissibility. Fed. R. Evid. 802.

## II. Motion in Limine 1 (Doc. 207)

In his first Motion in Limine, Plaintiff moves to admit police reports related to the Sunland Vista home invasion investigation. (Doc. 207 at 1-2.) The police reports are "narrative reports" that contain "factual findings" regarding the Sunland Vista home invasion. (*Id*.) The factual findings include "descriptions of the assailants, the names of the assailants known to the victims, and the manner in which the home invasion and [] assaults occurred." (*Id*.) Plaintiff asks that the investigators be permitted to communicate their findings to the jury, and that their narrative reports be admitted as well. (*Id*.) Plaintiff cites Fed. R. Evid. 803 for the admissibility in a civil case of a record of a statement of a public office that sets out "factual findings from a legally authorized investigation." Fed. R. Evid. 803(8)(A)(iii).

Defendant opposes admission of the police reports. (Doc. 214 at 2-4.) Defendant argues that the police reports should be excluded because they are not relevant under Fed. R. Evid. 401 and any relevance is outweighed by unfair prejudice, confusing the issues, misleading the jury, wasting time, and needlessly presenting cumulative evidence under Fed. R. Evid. 403. (*Id*.) Defendant further argues that the police reports are hearsay not within any exception under Fed. R. Evid. 801-803. (*Id*.) Specifically, Defendant argues that the Rule 803 hearsay exception cited by Plaintiff does not apply to the police reports

because the information contained in the police reports does not constitute "factual findings from a legally authorized investigation." (*Id.*) Defendant argues that the police reports are not the product of an investigation or the conclusions, determinations, or findings thereof, but are instead a collection of hearsay statements that were reported to police officers during the course of their investigation of the home invasion. (*Id.*) Defendant avers that because the reports are not or do not contain factual findings, they are not admissible under Rule 803(8)(A)(iii). Defendant avers that the police reports repeat the hearsay statements of witnesses who are not testifying at trial and as such are hearsay not within any exception. (*Id.*)

A hearsay statement may be admissible if it is "a record or statement of a public office" that sets out "in a civil case. . . factual findings from a legally authorized investigation." Fed. R. Evid. 803(8)(A)(iii). "Hearsay contained in a police report is inadmissible[.]" *Colvin v. United States*, 479 F.2d 998, 1003 (9th Cir. 1973) (internal citations omitted). "Entries in a police report based on an officer's observation and knowledge may be admitted, but statements attributed to other persons are clearly hearsay[.]" *Id*.

The Supreme Court has condoned a "broad approach" to admissibility under the public records exception of Rule 803. *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 169 (1988). After noting that a "factual finding" contained in a public investigatory report "could also be characterized as an opinion" that the investigator "presumably arrived at" as a result of the investigation, the Court concluded that "rather than. . . draw[ing] some inevitably arbitrary line between the various shades of fact/opinion that invariably will be present in investigatory reports," the proper standard is to admit reports setting forth factual findings but bar "the admission of statements not based on factual investigation." *Id*.

Whether the police reports at issue in this case are relevant depends on whether they would make it more or less likely for a jury to find for Plaintiff on his false arrest and imprisonment claim. The Court finds that the police reports are relevant insofar as they show the alleged lack of probable cause supporting Plaintiff's arrest and imprisonment,

and therefore support his claim for false arrest and imprisonment. The contents of the police reports may make it more or less likely that Defendant lacked probable cause to arrest and imprison Plaintiff apart from his inculpatory statements during interrogation. Therefore, they are relevant, and the Court does not find that any of the countervailing Rule 403 factors apply to bar their admission.

The police reports are also at least partly admissible as an exception to the rule against hearsay pursuant to Rule 803(8)(A). Although Defendant contends that the police reports are a "collection of hearsay statements," which would be inadmissible, Defendant's argument does not address the portion of the police reports that presumably contains the police officers' investigation-related statements and observations. To the extent that the police reports contain statements that are based on factual investigation, including statements based on an officer's observation and knowledge, those statements are admissible. To the extent that the police reports contain hearsay statements in the form of statements attributed to other people who will not testify at trial, those portions of the police reports are not admissible. Accordingly, Motion in Limine 1 will be granted in part and denied in part as set forth herein.

### III.   Motion in Limine 2 (Doc. 207)

In his second Motion in Limine, Plaintiff moves to admit census data related to the area surrounding the GPS signal from the stolen cell phone. (Doc. 207.) Plaintiff states that he has retained and disclosed an investigator, Jack Duke, who will testify regarding "the residences, commercial structures, and population within the cell phone GPS signal margin of error." (*Id.*) Plaintiff states that Duke will testify regarding the area based upon his physical examination and observations of the area. (*Id.*) Plaintiff states that Duke also consulted publicly available census data regarding the area and thus seeks to introduce that data regarding the area of the GPS signal. (*Id.*) Plaintiff cites Fed. R. Evid. 803(8)(A)(i) and (ii) in support of admitting this evidence: "A record or statement of a public office," here, the United States Census Bureau, is admissible if the record sets out "the office's activities" or "a matter observed while under a legal duty to report, but not including, in a

criminal case, a matter observed by law-enforcement personnel[.]" Fed. R. Evid. 803(8)(A)(i) and (ii).

In response, Defendant argues that the census data related to the area surrounding the GPS signal from the stolen cell phone is not admissible. (Doc. 214 at 4.) Defendant argues that the Court should preclude Jack Duke from testifying about the area contained within the GPS signal and its margin of error because it is not relevant, and any relevance is outweighed by Rule 403 concerns. (*Id.*) Defendant further argues that the parties have already stipulated that the GPS signal "had a radius margin of error of 1,466 meter[s], or more than 2.5 square miles." (*Id.* at 5.) Defendant further argues that, even if the census data evidence or testimony constitutes an exception to the rule against hearsay under Rule 803, it is irrelevant. (*Id.*)

Whether the census data related to the area surrounding the GPS signal from the stolen cell phone is relevant depends on whether such information would make it more or less likely for a jury to find for Plaintiff on his false arrest and imprisonment claim. The Court finds that the census data, as well as Jack Duke's testimony about it, are relevant insofar as they may support Plaintiff's claim that Defendant lacked probable cause to arrest and imprison him, and therefore may support his claim for false arrest and imprisonment. The census data, including "the residences, commercial structures, and population within the cell phone GPS signal margin of error" may make it more or less likely that Defendant lacked probable cause to arrest and imprison Plaintiff apart from his inculpatory statements during interrogation. Therefore, they are relevant. The Court does not find that any of the countervailing Rule 403 factors apply to bar their admission.

Defendant argues that the census data is inadmissible based on irrelevance and Rule 403 concerns, but it has not argued that the census data is hearsay. (Doc. 214 at 5.) Although the census data is potentially admissible under Fed. R. Evid. 803(8)(A)(i) and (ii), Plaintiff has not provided information to support his assertion that the census data sets out "the office's activities" or "a matter observed while under a legal duty to report." However, regardless of the applicability of Rule 803, the Court finds that the census data

may be subject to judicial notice, pursuant to Fed. R. Evid. 201(b), as a fact not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See also Marcus v. ABC Signature Studios, Inc.*, 279 F. Supp. 3d 1056, 1063 (C.D. Cal. 2017) (internal citation omitted) ("United States census data is an appropriate and frequent subject of judicial notice."). Accordingly, the Court will not exclude the census data as hearsay and finds that it is admissible.

### IV. Motion in Limine 3 (Doc. 207)

Plaintiff's third Motion in Limine moves to admit the video of the interrogation of Plaintiff that is the subject of this litigation, and a written transcript of the same interrogation. (Doc. 207 at 2-3.) Plaintiff requests that the written transcript be scrolled contemporaneously with the video. (*Id.*) Defendant stipulates to admission of the video and the transcript. (Doc. 214 at 6.) Accordingly, Motion in Limine 3 will be granted.

**IT IS ORDERED** that Plaintiff's Motions in Limine are resolved as follows:

(1) Motion in Limine 1 is **granted in part and denied in part**. Motion in Limine 1 is **granted** as to those portions of the police reports that contain statements that are based on factual investigation, including statements based on an officer's observation and knowledge. Motion in Limine 1 is **denied** as to those portions of the police reports that contain hearsay statements in the form of statements attributed to other people who will not testify at trial.

(2) Motion in Limine 2 is **granted**.

(3) Motion in Limine 3 is **granted**.

Dated this 30th day of November, 2020.

_____
Honorable Rosemary Márquez
United States District Judge