# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Benjamin Anthony Altamirano, Jr., | No. CV-15-00169-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| City of Tucson, et al., | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion for Reconsideration of the Court's February 26, 2021 Order Regarding Admissibility of Witnesses. (Doc. 237.) Defendants filed a response. (Doc. 240.) The Motion for Reconsideration will be granted.

### I. Plaintiff's Motion for Reconsideration

On February 26, 2021, the Court issued an Order regarding the admissibility of Plaintiff's witnesses. (Doc. 236.) In relevant part, the Order precluded the testimony of Doctors Barrillas, Barteau, and Maldonado ("the doctors"), finding that the doctors had not been properly disclosed as expert witnesses. (*Id.* at 12-14.) Specifically, the Court found that because the doctors were not treating physicians, they were not subject to an exemption from the Rule 26(a)(2)(B) written report requirement. (*Id.* at 14.) The Court found that "there is no indication that [the doctors] were involved in Plaintiff's treatment so as to subject them to the 'treating physician' exception to Rule 26(a)(2)" and that

because they were not properly disclosed as expert witnesses, their testimony would be excluded.

Plaintiff argues that the Court should reconsider its exclusion of the doctors' testimony. (Doc. 237.) Plaintiff argues that he disclosed Dr. Barillas as a witness on October 16, 2017, and that on December 21, 2017, the City of Tucson itself disclosed Dr. Barillas' report containing information regarding the level of Plaintiff's cognition and intelligence in 2011. (*See id.* at 2, 4; Doc. 237-1 at 8; Doc. 237-2 at 5; Doc. 237-3 5-8.) Plaintiff argues that the parties' disclosures satisfy Rule 26(a)(2)(B), and he also argues that Dr. Barillas has not been retained as an expert witness but rather is a fact witness disclosed to testify regarding his interactions with Plaintiff. (Doc. 237 at 4.) Plaintiff further argues that Drs. Barteau and Maldonado are not offered as experts but only as fact witnesses who gathered raw data from questionnaires they administered to Plaintiff; expert witness Dr. Simpson then interpreted the raw data. (Doc. 237 at 2-4.)

Defendants oppose the Motion for Reconsideration, arguing that the Court's Order correctly determined that the doctors are undisclosed expert witnesses, and that Plaintiff cannot satisfy the standard for a motion for reconsideration because he has not shown manifest error and has not raised any new facts or law that he could not have presented earlier. (Doc. 240.) Defendants argue that Dr. Barrillas was originally retained by Plaintiff's former lawyer for anticipated testimony in Plaintiff's criminal case, and that Plaintiff cannot transform him from an expert witness in the previous matter to a treating physician in this matter "merely by the passage of time." (*Id.* at 4.) Defendants further argue that Dr. Barrillas' "preliminary report" does not satisfy the written report requirement of Rule 26(a)(2)(B) because it omits multiple pieces of required information. (*Id.*)

Defendants argue that Drs. Barteau and Maldonado are expert witnesses to the extent they will testify regarding the tests they performed and their observations. (*Id.*) Defendants further argue that to the extent Drs. Barteau and Maldonado are "mere vehicles of information" contained in Dr. Simpson's report, their testimony is cumulative

of Dr. Simpson's and a waste of time and should therefore be precluded under Federal Rule of Evidence 403. (*Id.* at 4-5.) Defendants also argue that the testimony of Drs. Barteau and Maldonado is irrelevant because it does not make any fact in controversy more or less probable. (*Id.* at 5.) Finally, Defendants argue that designating Drs. Barteau and Maldonado as fact witnesses would circumvent Rule 703, which requires a separate analysis for disclosing underlying facts and data of an expert opinion. (*Id.*)

**II. Standard of Review**

LRCiv 7.2(g) sets forth the standard under which a Court reviews a Motion for Reconsideration:

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

In the District of Arizona, motions for reconsideration will be granted when:

> (1) There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence;
> (2) There are new material facts that happened after the Court's decision;
> (3) There has been a change in the law that was decided or enacted after the Court's decision; or
> (4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision.

*Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

"Reconsideration is indicated in the face of the existence of new evidence, an intervening change in the law, or as necessary to prevent manifest injustice." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). Whether to grant reconsideration is within the sound discretion of the trial court. *Id*. A denial of a motion for reconsideration is reviewed for abuse of discretion. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000).

## II. Analysis

The Court finds good cause to grant Plaintiff's Motion for Reconsideration. The Court finds that Plaintiff has complied with the standard set forth in LRCiv 7.2(g) by showing manifest error in the Court's previous Order excluding the doctors' testimony. Specifically, the Court finds that Dr. Barillas was properly disclosed by both parties as a fact witness and will admit his testimony on that basis. The Court further finds that Drs. Barteau and Maldonado were also properly disclosed as fact witnesses and will admit their testimony on that basis. The Court further finds that the doctors' testimony is relevant pursuant to Fed. R. Evid 401 and that its relevance is not outweighed by any countervailing Rule 403 concerns. The Court finds that the doctors' testimony is likely to assist the jury in its understanding of Dr. Simpson's testimony and is not unduly prejudicial, cumulative, or a waste of time.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 237) is **granted**. The testimony of Doctors Barrillas, Barteau, and Maldonado is **admissible**.

Dated this 9th day of April, 2021.

_____
Honorable Rosemary Márquez
United States District Judge